# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

July 2, 2014

The Honorable Kenda Culpepper
Rockwall County Criminal District Attorney
Rockwall County Courthouse
1111 East Yellowjacket Lane, Suite 201
Rockwall, Texas 75087

Opinion No. GA-1069

Re: Authority of the Rockwall County Juvenile Board over policy matters of the juvenile probation department, including the adoption of a personnel manual
(RQ-1178-GA)

Dear Ms. Culpepper:

You ask about the authority of the Rockwall County Juvenile Board over policy matters of the juvenile probation department, including the adoption of a personnel manual.[1]

Chapter 152, subchapter A of the Human Resources Code (the "Code") contains provisions generally applicable to county juvenile boards. TEX. HUM. RES. CODE ANN. §§ 152.0001-.0016 (West 2013 & Supp. 2013). Subsection 152.0007(a)(2) of the Code provides that a "juvenile board shall . . . adopt a budget and establish policies, including financial policies, for juvenile services within the jurisdiction of the board." *Id.* § 152.0007(a)(2) (West 2013). Section 152.2051 of the Code, the specific enabling statute establishing the Rockwall County Juvenile Board, states that several general provisions, including section 152.0007, "do not apply to the juvenile board of Rockwall County." *Id.* § 152.2051(d). You are concerned that the exemption in section 152.2051(d) may limit the Rockwall County Juvenile Board's authority to establish policy or adopt a personnel policy manual. Request Letter at 1–2.

By stating that certain statutory mandates do not apply to the Rockwall County Juvenile Board, subsection 152.2051(d) of the Code does not prohibit the Rockwall County Juvenile Board from establishing policy or deny it the authority to establish policy. Subsection 152.0001(b) of the Code provides that "[a] statement in this chapter that a general provision of this subchapter does not apply to a specific juvenile board does not affect the application of other

---

[1]*See* Letter from Honorable Kenda Culpepper, Rockwall Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Jan. 9, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

laws on the same subject that may affect the board." TEX. HUM. RES. CODE ANN. § 152.0001(b) (West 2013).

A county juvenile board, with the advice and consent of the county commissioners court, is authorized to employ probation officers and other personnel "necessary to provide juvenile probation services" according to state administrative standards and local need. *Id.* § 142.002(a). Subsection 221.002(a)(1) of the Code authorizes the Texas Juvenile Justice Board ("TJJB") to adopt general rules governing county juvenile boards, including "rules that provide . . . minimum standards for personnel, staffing, case loads, programs, facilities, record keeping, equipment, and other aspects of the operation of a juvenile board that are necessary to provide adequate and effective probation services." *Id.* § 221.002(a)(1) (West Supp. 2013). The TJJB has adopted rules requiring county juvenile boards to "adopt written personnel policies" and to "adopt written department policies and procedures." 37 TEX. ADMIN. CODE § 341.3(a)–(b) (2014). Thus, to answer your question, the Rockwall County Juvenile Board possesses authority to adopt written department policy and to adopt a personnel policy manual for use by the juvenile probation department.

## S U M M A R Y

The Rockwall County Juvenile Board possesses authority to adopt written department policy and to adopt a personnel policy manual for use by the juvenile probation department.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee